## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| THERESA ANN SALUP, an individual, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1-21-cv-3469 |
| | ) | |
| v. | ) | |
| | ) | **PLAINTIFF DEMANDS** |
| IC MARKS, INC. a Delaware Corporation, and | ) | **TRIAL BY JURY** |
| and QVC, INC. d/b/a COOK'S ESSENTIALS | ) | |
| a Pennsylvania Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT

Plaintiff, **THERESA ANN SALUP** (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC** and **TOMASIK, KOTIN & KASSERMAN, LLC**, hereby submits the following Complaint and Demand for Jury Trial against Defendants **IC MARKS, INC.** and **QVC, INC. d/b/a COOK'S ESSENTIALS** (hereafter referred to as "Defendants"), and alleges the following upon personal knowledge and belief, and investigation of counsel:

### NATURE OF THE CASE

1.      This is a product liability action seeking recovery for substantial personal injuries and damages suffered by Plaintiff, after Plaintiff was seriously injured by a "Cook's Essentials Pressure Cooker Programmable Pressure Cooker" Model Number CEPC6005 (hereafter generally referred to as "pressure cooker(s)").

2.      Defendants design, manufacture, market, import, distribute and sells a wide-range of consumer products, which specifically includes the aforementioned pressure cooker at issue in this case.

3.      On or about July 2, 2019, Plaintiff suffered burn injuries as the direct and proximate result of the pressure cooker's lid suddenly and unexpectedly exploding off the pressure cooker's pot during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff.

4.      As a direct and proximate result of Defendants' collective conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, wage loss, physical pain, mental anguish, and diminished enjoyment of life.

## THE PARTIES

5.      Plaintiff was, at all relevant times, a resident of the City of Lemont, County of Cook, State of Illinois. Plaintiff has resided in the City of Lemont, County of Cook, State of Illinois from the time of her injuries through the present and is therefore deemed a citizen of this state for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

6.      On or about July 2, 2019, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff.

7.      Defendant IC Marks, Inc. is incorporated in the State of Delaware and has a principal place of business located at 3411 Silverside Road STE 205B, Wilmington, Delaware 19810. Defendant IC Mark, Inc has a registered service address of 251 Little Falls Drive, Wilmington, Delaware

19808. Defendant IC Mark, Inc. is a citizen of the State of Delaware for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

8.      Defendant QVC, Inc. is incorporated in the State of Delaware and has a principal place of business located at 1200 Wilson Drive, West Chester, Pennsylvania 19380. Defendant QVC, Inc. has a registered service address of 251 Little Falls Drive, Wilmington, Delaware 19808. Defendant QVC, Inc. is a citizen of the State of Pennsylvania for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

## JURISDICTION AND VENUE

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

10.     This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

11.     Jurisdiction in this Court is also proper in that Defendants established sufficient minimum contacts with the State of Illinois through the promotion, sale, marketing, and distribution of their products. Accordingly, Defendants are subject to specific and general personal jurisdiction in this Court. Defendants are engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the pressure cookers at issue in this litigation.

## FACTUAL BACKGROUND

12.     Defendants are engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the pressure cookers at issue in this litigation.

13.     On or about July 2, 2019, Plaintiff was using the pressure cooker designed, manufactured, marketed, imported, distributed and sold by Defendants for its intended and reasonably foreseeable purpose of cooking dinner.

14.     While the pressure cooker was in use for cooking, the pressure cooker's lid unexpectedly and suddenly blew off the pot in an explosive manner. The contents of the pressure cooker were forcefully ejected out of the pot and onto Plaintiff, causing disfiguring burns to, *inter alia*, 3rd degree burns to her chest and stomach.

15.     Plaintiff and her family used the pressure cooker for its intended purpose of preparing meals and did so in a manner that was reasonable and foreseeable by the Defendants.

16.     However, the aforementioned pressure cooker was defectively and negligently designed and manufactured by Defendants in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the pressure cookers.

17.     Defendants' pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

18.     Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

19.     As a direct and proximate result of Defendants' intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such

products, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries.

20.     Consequently, the Plaintiff in this case seeks compensatory damages resulting from the use of Defendants' pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, lost wages, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

### COUNT I
### STRICT LIABILITY

21.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

22.     At the time of Plaintiff's injuries, Defendants' pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

23.     Defendants' pressure cookers were in the same or substantially similar condition as when they left the possession of Defendants.

24.     Plaintiff did not misuse or materially alter the pressure cooker.

25.     The pressure cookers did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

26.     Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the pressure cookers safe. Specifically:

    a.  The pressure cookers designed, manufactured, sold, and supplied by Defendants were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

    b.  The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

c. Defendants failed to properly market, design, manufacture, distribute, supply, and sell the pressure cookers, despite having extensive knowledge that the aforementioned injuries could and did occur;

d. Defendants failed to warn and place adequate warnings and instructions on the pressure cookers;

e. Defendants failed to adequately test the pressure cookers; and

f. Defendants failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiff' injuries and damages.

27. Defendants' actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

28. Defendants risked the safety and well-being of the consumers and users of their pressure cookers, including the Plaintiff to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT II
## NEGLIGENCE

29. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

30. Defendants had a duty of reasonable care to design, manufacture, market, and sell non-defective pressure cookers that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

31. Defendants failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its pressure

cookers in that Defendants knew or should have known that said pressure cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

32.    Defendants was negligent in the design, manufacture, advertising, warning, marketing and sale of its pressure cookers in that, among other things, they:

    a.  Failed to use due care in designing and manufacturing the pressure cookers to avoid the aforementioned risks to individuals;

    b.  Placed an unsafe product into the stream of commerce;

    c.  Aggressively over-promoted and marketed its pressure cookers through television, social media, and other advertising outlets; and

    d.  Were otherwise careless or negligent.

33.    Despite the fact that Defendants knew or should have known that consumers were able to remove the lid while the Pressure cookers were still pressurized, Defendants continued to market (and continue to do so) its pressure cookers to the general public.

34.    Defendants risked the safety and well-being of the consumers and users of their pressure cookers, including the Plaintiff to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public.

    **WHEREFORE**, Plaintiff demands judgment against Defendants for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

**COUNT III**
**BREACH OF IMPLIED WARRANTY OF FITNESS**
**FOR A PARTICULAR PURPOSE**

35.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

36.    Defendants manufactured, supplied, and sold their pressure cookers with an implied warranty that they were fit for the particular purpose of cooking quickly, efficiently and safely.

37.     Members of the consuming public, including consumers such as the Plaintiff, were the intended third-party beneficiaries of the warranty.

38.     Defendants' pressure cookers were not fit for the particular purpose as a safe means of cooking, due to the unreasonable risks of bodily injury associated with their use as described herein in this Complaint.

39.     The Plaintiff in this case reasonably relied on Defendants' representations that its pressure cookers were a quick, effective and safe means of cooking.

40.     Defendants' breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiff's injuries and damages.

41.     Defendants risked the safety and well-being of the consumers and users of its Pressure cookers, including the Plaintiff to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public.

        **WHEREFORE,** Plaintiff demands judgment against Defendants for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT IV
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

42.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

43.     At the time Defendants marketed, distributed and sold their pressure cookers to the Plaintiff in this case, Defendants warranted that its Pressure cookers were merchantable and fit for the ordinary purposes for which they were intended.

44.     Members of the consuming public, including consumers such as the Plaintiff, were intended third-party beneficiaries of the warranty.

45.     Defendants' pressure cookers were not merchantable and fit for their ordinary purpose, because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

46.     The Plaintiff in this case and/or her family purchased and used the Pressure Cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

47.     Defendants' breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

48.     Defendants risked the safety and well-being of the consumers and users of their pressure cookers, including the Plaintiff to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public.

**WHEREFORE**, Plaintiff demands judgment against Defendants for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendants for damages, including punitive/exemplary damages, to which she is entitled by law, as well as all costs of this action, interest and attorneys' fees, to the full extent of the law, whether arising under the common law and/or statutory law, including:

      a.  judgment for Plaintiff and against Defendants;

      b.  damages to compensate Plaintiff for her injuries, economic losses and pain and suffering sustained as a result of the use of the Defendants' pressure cookers;

      c.  post judgment interest at the lawful rate;

      d.  that Plaintiff be allowed to amend her complaint to include punitive damages on all applicable Counts as permitted by the law and according to proof;

      e.  a trial by jury on all issues of the case;

f.   an award of attorneys' fees; and

g.   for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully submitted,

Date: June 29, 2021          BY:          */s/ Timothy S. Tomasik*
                                          Attorney for Plaintiff

**TOMASIK, KOTIN & KASSERMAN, LLC**

Timothy S. Tomasik
Loren Legorreta
161 N. Clark St., Suite 3050
Chicago, Illinois 60601
(312) 605-880
tim@tkklaw.com
loren@tkklaw.com

*In association with:*

**JOHNSON BECKER, PLLC**

Adam J. Kress, Esq.  (MN ID #0397289)          *Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800
akress@johnsonbecker.com

***Attorneys for Plaintiff***